

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.   Criminal No. 3:01CR177

YAGOUB M. MOHAMED

**MEMORANDUM OPINION**

Yagoub M. Mohamed, a former federal inmate, filed this Petition for a Writ of Error Coram Nobis. For the reasons set forth below, the Petition for a Writ of Error Coram Nobis will be denied.

## I. PROCEDURAL HISTORY

Pursuant to a plea agreement, Mohamed pled guilty to conspiracy to commit mail and health care fraud (Count One) and money laundering (Count Fifty-One). (Oct. 15, 2001 Tr. 11-12, 39.) On January 11, 2002, the Court sentenced Mohamed to serve forty-one months in prison and pay restitution in the amount of $750,000. (Jan. 11, 2002 Tr. 7, 9).

By Memorandum Opinion and Order entered on June 15, 2004, the Court denied a 28 U.S.C. § 2255 motion filed by Mohamed. (ECF Nos. 82-83.)

On March 31, 2010, the Supreme Court held that the Sixth Amendment requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a

guilty plea. See Padilla v. Kentucky, 559 U.S. 356, 373-74 (2010).

In August of 2011, Mohamed filed his present Petition for a Writ of Error Coram Nobis ("Petition") with this Court. (ECF No. 97.) In his Petition, Mohamed requests that the Court "overturn his conviction by guilty plea and his sentence on the ground of ineffective assistance of counsel for failing to advise him of the possible immigration consequences of his guilty plea, in violation of Padilla . . . ." (Pet. 1.)[1] In response, the Government requests that, inter alia, the Court delay ruling on the Petition until the United States Court of Appeals for the Fourth Circuit rules on whether Padilla applies retroactively to cases on collateral review. (Gov't's Resp. 9, ECF No. 100.) On February 20, 2013, the Supreme Court concluded that the new rule announced in Padilla does not apply retroactively to cases on collateral review. Chaidez v. United States, 133 S. Ct. 1103, 1107 (2013).

## II. ANALYSIS

An individual seeking coram nobis relief must satisfy four threshold prerequisites:

> First, a more usual remedy (such as habeas corpus) must be unavailable; second, there must be a valid

---

[1] Mohamed represents that, "adverse consequences continue to flow from the instant conviction in the form of petitioner's impending deportation." (Pet. 10.)

2

basis for the petitioner having not earlier attacked his convictions; third, the consequences flowing to the petitioner from his convictions must be sufficiently adverse to satisfy Article III's case or controversy requirement; and, finally, the error that is shown must be "of the most fundamental character."

Bereano v. United States, 706 F.3d 568, 576 (4th Cir. 2013) (quoting United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012)). As explained below, Mohamed fails to satisfy the fourth requirement because the rule announced in Padilla fails to apply to cases on collateral review.

### A. General Application Of The New Rule Doctrine

New rules of constitutional criminal procedure generally are not applicable to cases on collateral review. Teague v. Lane, 489 U.S. 288, 310 (1989). This principle protects the societal interest in the finality of convictions. Id. "'No one, not criminal defendants, not the judicial system, not society as a whole is benefitted by a judgment providing that a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation.'" Id. at 309 (quoting Mackey v. United States, 401 U.S. 667, 691 (1971) (Harlan, J., concurring in judgments in part and dissenting in part)).

The Supreme Court has prescribed a three-step process for determining whether a constitutional rule of criminal procedure

3

applies to a case on collateral review. <u>Beard v. Banks</u>, 542 U.S. 406, 411 (2004).

> First, the court must determine when the defendant's conviction became final. Second, it must ascertain the legal landscape as it then existed, and ask whether the Constitution, as interpreted by the precedent then existing, compels the rule. That is, the court must decide whether the rule is actually new. Finally, if the rule is new, the court must consider whether it falls within either of the two exceptions to nonretroactivity.

<u>Id.</u> (citations omitted) (internal quotation marks omitted).

**B.  <u>Padilla v. Kentucky</u>, 559 U.S. 356 (2010) Announced A New Rule**

In <u>Chaidez v. United States</u>, 133 S. Ct. (2013), the Supreme Court concluded that "<u>Padilla</u> . . . announced a 'new rule'" with respect to any conviction that became final prior to the Supreme Court's decision in <u>Padilla</u> on March 31, 2010.[2] <u>Chaidez</u>, 133 S. Ct. at 1111.

Under <u>Teague</u>, "new rules of constitutional law are generally 'not . . . applicable to those cases which have become final before the new rules are announced.'" <u>United States v. Mathur</u>, 685 F.3d 396, 399 (4th Cir. 2012) (omission in original) (quoting <u>Teague</u>, 489 U.S. at 310). <u>Teague</u> recognizes two narrow exceptions to the general rule of nonretroactivity. <u>Id.</u> (citations omitted). First, "a new rule should be applied

---

[2] Mohamed's conviction became final on January 28, 2002, the last date to file a notice of appeal. <u>See</u> <u>Caspari v. Bohlen</u>, 510 U.S. 383, 390 (1994).

4

retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." Teague, 489 U.S. at 311 (citations omitted) (internal quotation marks omitted). "Second, a new procedural rule should apply retroactively if it is . . . . [a] watershed rule[ ] implicating fundamental fairness." Mathur, 685 F.3d at 399 (citations omitted) (internal quotation marks omitted.) Padilla fails to fall within either of the above exceptions to non-retroactivity. Mathur, 685 F.3d at 399-401.[3] Thus, the new rule doctrine bars Mohamed's request for coram nobis relief based on Padilla. See Chaidez, 133 S. Ct. at 1113 (affirming lower court's determination that new rule doctrine barred request for coram nobis relief based on Padilla).

C. **Mohamed's Other Arguments For Coram Nobis Relief**

On March 25, 2013, in the wake of the decision in Chaidez, Mohamed filed a Motion to File Supplemental Pleading ("Motion to Supplement"). (ECF No. 108.) In his Motion to Supplement, Mohamed notes that in seeking coram nobis relief he relies, "'not only on Padilla v. Kentucky, 130 S. Ct. 1473 (2010). The petitioner has claimed that his attorney failed to inform him of the elements of the charged offense and gave petitioner the wrong advice to enter a guilty plea for a non-existing

---

[3] In Chaidez, the petitioner did not argue that he could satisfy either of Teague's exceptions. 133 S. Ct. at 1107 n.3 (citations omitted).

5

offense.'" (Mot. to Supp. 8 (citation omitted).) Mohamed's arguments not rooted in Padilla fail to provide a proper basis for coram nobis relief because Mohamed could have raised such arguments in his previously filed 28 U.S.C. § 2255 motion. See United States v. Vogel, No. 2:91-440, 2006 WL 1074899, at *3 (D.S.C. Apr. 20, 2006).

### III. CONCLUSION

The Motion to Supplement (ECF No. 108) will be granted. Mohamed's Petition for a Writ of Error Coram Nobis (ECF No. 97) will be denied. Mohamed's Motion to Reassign His Case (ECF No. 106) will be denied. Mohamed's motions to expedite consideration of his Petition (ECF Nos. 105, 109) will be denied as moot.

The Clerk is directed to send a copy of the Memorandum Opinion to Mohamed and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: December 31, 2013
Richmond, Virginia

6